[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12473
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00396-CR-3-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HORMIDAS TORRES-ARREAGA,
a.k.a. Hormidas Torres-Arriagas,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 23, 2009)

Before EDMONDSON, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Hormidas Torres-Arreaga appeals his 108-month sentence after pleading

guilty to conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A)(ii)(II). On appeal, he argues that the district court erred by declining to grant him a minor-role reduction, pursuant to U.S.S.G. § 3B1.2(b).

We review the district court's determination of a defendant's role in an offense for clear error. *United States v. DeVaron*, 175 F.3d 930, 937-38 (11th Cir. 1999) (en banc). Under the Guidelines, a defendant may receive a two- to four-level reduction where his role in the offense can be described as minor, minimal, or somewhere in between. U.S.S.G. § 3B1.2. A minor participant is entitled to a two-level reduction and is someone who is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b), comment. (n.5). A minimal participant is entitled to a four-level reduction and is someone who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G § 3B1.2(a), comment. (n.4). Defendants who are more than a minimal participant but less than a minor participant qualify for a three-level reduction. U.S.S.G. § 3B1.2. The proponent of the downward adjustment bears the burden of establishing his role in the offense by a preponderance of the evidence. *DeVaron*, 175 F.3d at 934, 939, 946.

The district court's role determination "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. With respect to the first principle, "the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. In other words, "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable – not a minor role in any larger criminal conspiracy – should the district court grant a downward adjustment for minor role in the offense." *Id.* at 944. With respect to the second principle, "the district court may also measure the defendant's culpability in comparison to that of other participants in the relevant conduct." *Id.* This inquiry is limited to identifiable participants who were involved in the relevant conduct, for "the conduct of participants in any larger criminal conspiracy is irrelevant." *Id.*

In the drug courier context, relevant facts include, but are not limited to: the amount of drugs, their fair market value, an equity interest in the drugs, a role in planning the scheme, and the role in the distribution. *Id.* at 945. Indeed, the drug

quantity "may be the best indication of the magnitude of the courier's participation in the criminal enterprise." *Id.* at 943.

In this case, the district court did not clearly err by declining to award Torres-Arreaga a minor-role reduction, because the conduct for which he was held accountable at sentencing was the same as his actual conduct, he personally unloaded and transported 75 kilograms of cocaine worth between $1.5 and $2.1 million, agents found currency-packaging materials and a vehicle with a concealed compartment at his place of residence, and he has not shown that he was less culpable than both of his two co-conspirators. Accordingly, we affirm.

**AFFIRMED.**